**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**THE LAW OFFICES OF**
**JOSEPH M. RASA, L.L.C.**
565 Newark Pompton Turnpike
Pompton Plains, NJ 07444
(973) 831-8800

Attorneys for Debtors,
Ramon Rego and Elizabeth A. Rego

In Re:

**RAMON REGO AND ELIZABETH A. REGO,**

          **Debtors.**

**Chapter:  13**

**Case No.:  10-13244-MS**

**Judge:  Hon. Morris Stern, U.S.B.J.**

**Hearing Date:  December 16, 2010**

---

### COUNSEL'S APPLICATION FOR PAYMENT OF COUNSEL FEES AND EXPENSES

**JOSEPH M. RASA, ESQ.**, counsel for Debtors, Ramon Rego and Elizabeth A. Rego, in support of Counsel's Application for Counsel Fees and Expenses, respectfully states and represents as follows:

1.      The Debtors initially retained this firm in late 2007 to prepare and file a Chapter 7 bankruptcy petition on their behalf.  The total fee to be charged by this firm for legal services rendered or to be rendered for or on behalf of the Debtors in the Chapter 7 bankruptcy case, exclusive of costs, was $3,500.00.  Services other than those specified in the retainer agreement were to be billed and paid by the Debtors at the rate of $225.00 per hour.  A copy of this firm's retainer agreement is attached hereto as Exhibit "A", and incorporated into this Application by reference.

2.      The retainer agreement provides that the services to be rendered by this firm in connection with the $3,500.00 fee were:

          a.  the preparation and filing of the bankruptcy petition (including the analysis of the Debtors' finances);

          b.  attendance at the meeting of the creditors; and

          c.  the preparation and review of correspondence to the Debtors and their creditors concerning the bankruptcy filing.

*COUNSEL'S APPLICATION FOR PAYMENT OF COUNSEL FEES AND EXPENSES*
*Page 2 of 4*

3.    This case was complicated because Ramon Rego, a physician, was in the process of winding down a medical practice which failed in 2007. Moreover, over the subsequent two (2) years, Dr. Rego was largely unavailable due to his employment situation which greatly hampered the administration of this case. Finally, even when Dr. Rego was available, much of the information needed to analyze the Debtors' finances was simply not available because Dr. Rego was unable to obtain source documentation from his prior business associates. In fact, it is believed that the Debtors have not yet filed their 2007 income tax return because of incomplete accounting records from that year.

4.    After analyzing the Debtors' finances and their goals with respect to their assets, it was determined that a Chapter 13 case would be preferable. However, due to the Debtors' unavailability, it was very difficult to gather information necessary to prepare and file the petition.

5.    By the time the Debtors were ready to file their petition in early 2010, most of Dr. Rego's business issues were moot. Therefore, the Debtors were charged the standard fee for their Chapter 13 case in accordance with D.N.J. LBR 2016-1. The Disclosure of Compensation of Attorney for Debtors' Statement was completed accordingly and is incorporated by reference into this Application. This firm's custom is to charge an hourly rate for any services performed outside of the standard Chapter 13 case. In this case, as aforesaid, any such services were billed at the rate of $225.00 per hour, the rate specified in the retainer agreement signed by the Debtors for services performed outside of the standard Chapter 7 case.

6.    Pursuant to the aforesaid Disclosure Statement and this firm's usual practices, the legal services rendered or to be rendered by this firm in connection with a Chapter 13 case include the following:

      a.    Analysis of the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file a petition in bankruptcy;

      b.    Preparation and filing of the petition, schedules, statement of affairs and plan;

      c.    Representation of the Debtors at the meeting of creditors and confirmation hearing in the case; and

      d.    Negotiations with secured creditors to reduce to market value; exemption planning; the preparation and filing of reaffirmation agreements and applications as needed.

7.    The legal services that are excluded from the standard Chapter 13 fee (or Chapter 7 fee) are all other services not listed above and specifically:

      a.    Representation of the debtors in any dischargeability actions;

      b.    Judicial lien avoidance actions;

      c.    Relief from stay actions;

      d.    Adversary proceedings; and

      e.    The preparation and filing of motions pursuant to 11 U.S.C. § 522(f)(2)(A) for avoidance of liens on household goods.

8.    The source of compensation paid or to be paid is the Debtors' earnings from employment. The compensation is to be paid through the Chapter 13 plan or by the Chapter 13 Standing Trustee from the Debtors' proceeds in the Trustee's possession in the event that the Chapter 13 case is dismissed or converted.

*COUNSEL'S APPLICATION FOR PAYMENT OF COUNSEL FEES AND EXPENSES*
*Page 3 of 4*

9.    The dates, services, time spent, identity of the person rendering said services and actual expenses to date are set forth in detail on the computerized billing statement attached hereto as Exhibit "B" and incorporated into this Application by reference.

10.    In this case, the undersigned attorney is the only person that rendered, or will be rendering services on behalf of the Debtors.  The billing rate for this attorney is $225.00 per hour in this case, and the total time spent by this attorney in connection with this matter is set forth on the computerized billing statement attached hereto as Exhibit "B".

11.    As indicated, this firm's retainer agreement in this case provides that the attorney will charge a fee calculated at the rate of $225.00 per hour for any services not specifically set forth in the retainer agreement. This fee is reasonable and customary, and is in accordance with fees charged by other practitioners in this venue for services rendered outside of the standard fees in Chapter 13 or Chapter 7 cases.

12.    Pursuant to Judge Lyon's decision in In re Szymczak, 246 B.R. 774 (Bankr.D.N.J. 2000) and D.N.J. LBR 2016-1(j), normal and customary services in a Chapter 13 case include, *inter alia*, "furnishing general legal advise to debtors regarding chapter 13; preparation of the debtors' bankruptcy petition, schedules and their chapter 13 plan; reviewing proofs of claim filed in the debtor's case; and attending the debtor's § 341(a) meeting of creditors and their confirmation hearing."  In re Szymczak, 246 B.R. at 782.

13.    The Szymczak Court identified a number of services rendered by the attorneys in that case which were not normal and customary in a Chapter 13 case, included time spent negotiating defaults and motions to lift automatic stays, the amendment of the debtors' bankruptcy schedules and modification of the plan of reorganization, and the preparation of an Affidavit in Lieu of Attendance at the 341(a) meeting of creditors necessitated by the debtors' compromised mental state.  In re Szymczak, 426 B.R. at 782.

14.    A brief summarization of the services rendered in the within case that are not normal and customary for a Chapter 13 bankruptcy case include the following:  rendering advice relative to accounting and tax issues; moving for the adjournment of state court execution sale(s); defending motions to vacate stay and notices of default proceedings.  Moreover, as noted, the Debtors themselves, although not likely intentionally, caused the fees in this case to be inflated due to their inability to timely respond to requests for information and the like.

15.    Of the 94.6 hours billed by this firm to date, it is estimated that only 46.3 hours were devoted to services that are normal and customary in a Chapter 13 bankruptcy case.  In fact, in this firm's experience, 46.3 hours are an excessive amount of time to devote to a typical pre-confirmation Chapter 13 case.  As aforesaid, this was due primarily to the difficulties obtaining information from the Debtors due to Dr. Rego's unavailability as a result of his intensive work schedule, as well as the inability of Dr. Rego to obtain source documentation from his prior business associates.

16.    The balance of the hours billed in this matter (48.3) were devoted to services that are not normal and customary in a Chapter 13 case.

17.    The time entries in italics on the time sheet attached as Exhibit "B" represent time entries which were billable at the rate of $225.00 per hour pursuant to this firm's retainer agreement with the Debtors.  The total fee for these services is $10,867.50, which should be added to the standard fee of $3,500.00 related to the standard time entries on Exhibit "B" that are not in italics.

18.    Additionally, this firm has incurred $429.43 in expenses on behalf of the Debtors.

*COUNSEL'S APPLICATION FOR PAYMENT OF COUNSEL FEES AND EXPENSES*
*Page 4 of 4*

19.    The Debtors paid the total sum of $1,800.00 to this firm since the beginning of the retention.  Of this sum, $1,400.00 has been allocated to attorney fees and $400.00 has been allocated to expenses.

20.    Thus, the total fees currently owed to this firm are $12,967.50, and the total expenses currently owed to this firm are $29.43, for a total amount owed of $12,996.93.

21.    In summary, request is respectfully made that the Court enter an Order allowing this firm the sum of **$12,996.93** which represents counsel fees in the amount of $12,967.50 plus expenses in the amount of $29.43.

22.    It is further respectfully requested that the allowance be paid through the Chapter 13 plan as an administrative priority, or in the event that the case is converted to another Chapter or dismissed, the allowance be paid by the Chapter 13 Trustee as an administrative priority from the Debtors' proceeds in the Trustee's possession immediately upon the conversion or dismissal of the case.

23.    It should be noted by the Court that the Debtors anticipate converting this case to a Chapter 7 or a Chapter 11 case on or before December 31, 2010.

24.    The undersigned attorney is admitted to practice before this Court and in this State, maintains a law practice at the address shown above, is a disinterested person with respect to this bankruptcy case, does not hold or represent an interest adverse to the estate with respect to the matter for which the attorney has been employed, and is competent and experienced in the handling of Chapter 13 bankruptcy cases.

**WHEREFORE**, the undersigned attorney respectfully applies for allowance of the compensation described above in this Application and requests that the allowance be paid through the Chapter 13 plan as an administrative priority, or in the event that the case is converted to another Chapter or dismissed, the allowance be paid by the Chapter 13 Trustee as an administrative priority from the Debtors' proceeds in the Trustee's possession immediately upon the conversion or dismissal of the case.

**THE LAW OFFICES OF
JOSEPH M. RASA, L.L.C.**
Attorneys for Debtors,
Ramon Rego and Elizabeth A. Rego

DATED:  November 23, 2010                    /S/ JOSEPH M. RASA, ESQ.
                                             **JOSEPH M. RASA, ESQ.**

# EXHIBIT

# "A"

Joseph M. Rasa, Esq.
Member, NJ Bar
Member, NY Bar
Admitted, US Tax Court
LL.M. Taxation

# Joseph M. Rasa

A Limited Liability Company

November 6, 2007

Ramon Rego, M.D.
65 Woodland Road
P.O. Box 470
Brookside, New Jersey 07926

Re:  Rego - Bankruptcy
     Our File No.:  2642-001

Dear Dr. Rego:

We are pleased that you have decided to retain this firm as counsel in connection with your Chapter 7 Bankruptcy matter.

This letter describes the basis upon which our firm will provide legal services to you, and how we will be compensated for our services.

Be assured that we will do our utmost to serve you effectively. While we cannot guarantee the success of any given venture, we will strive to represent your interests professionally and efficiently. I will have primary responsibility for your representation, and will utilize other attorneys and/or legal assistants in our firm in the best exercise of my professional judgment. If, at any time you have any questions, concerns, or criticisms, please contact me at once.

1.    **FEE FOR LEGAL SERVICES**:  In connection with our legal services, we will charge you a flat fee of $3,500.00 which must be paid in full prior to the filing of the bankruptcy petition. Our services include the preparation and filing of the bankruptcy petition, attendance at the meeting of creditors and the preparation and review of correspondence to you and your creditors concerning your bankruptcy filing.

If any of your creditors file an objection to your bankruptcy petition which requires further representation in bankruptcy court or otherwise, or you require any other services not set forth in this agreement, we will represent you on an hourly basis at a rate of $225.00 per hour. In addition, we may

*Rego — 2642-001*
*November 6, 2007*
*Page 2 of 3*

request a retainer from you prior to rendering those services.
Our firm's legal fees, as well as other costs, will be billed
against the retainer. You understand that the retainer is not
an estimate of total fees and costs, but merely an advance for
security. Whenever the retainer is exhausted, we reserve the
right to request further retainers from you in addition to
requiring that you pay our monthly invoices. Further, you agree
to pay all retainers after the initial retainer within ten (10)
days of our request therefore. Unless otherwise agreed in
writing, any unused retainer will be refunded to you at the
conclusion of our services.

    **2.** **FILING FEE EXPENSES**: In addition to the fee for legal
services, we will require the sum of $299.00 for the bankruptcy
petition filing fee. This sum must be paid prior to the filing
of the bankruptcy petition.

    **3.** **OUT-OF-POCKET EXPENSES**: In addition to our legal ＊100.00
fees, we will require the sum of $~~1,500.00~~ in payment of our
out-of-pocket expenses such as filing fees, other than those
mentioned above, credit reporting fees, tax transcript fees,
service of process charges, messenger and other delivery fees,
postage, court and deposition reporters' fees, jury fees, long
distance telephone charges, photocopying and other reproduction
costs, travel costs including parking, mileage, transportation,
meals and hotel costs, investigation expenses, consultants'
fees, expert witness fees, mediator, arbitrator and/or special
master fees, and other similar items, and other out-of-pocket
expenses. We may request additional payment(s) in the future if
the above amount is insufficient to cover our expenses. Except
for the items listed below, all costs and expenses will be
charged to you at our cost.

| In office photocopies: | $0.25/page |
| Facsimiles: | $0.25/page |
| Mileage: | $0.36/mile |
| Express mail charges: | $25.00/delivery |

    **4.** **MONTHLY STATEMENTS**: Our statements generally will be
prepared and mailed during the month following the month in
which services were rendered and/or costs were advanced. We
expect payment within a reasonable time after the statement is
received by you, and greatly appreciate your prompt payment of
the same. Further, interest will be charged at the rate of one
and one-half percent (1½%) per month on any outstanding balance
due to our firm thirty (30) days after invoicing.

*November 6, 2007*
*Page 3 of 3*

**5.    TERMINATION OF SERVICES:**   You will have the right to terminate our representation at any time.   We will have the same right, and at our sole option, we may discontinue legal services if invoices are not paid timely.

We request that you acknowledge your acceptance of the terms of our firm's representation of you in this matter by signing the enclosed copy of this letter in the space provided, and returning the same to me in the enclosed, self-addressed envelope.   If you have any questions, please do not hesitate to contact me.

On a personal note, I am very pleased that you have selected our firm to represent you.   We look forward to serving you and we shall use our best efforts on your behalf.

Very truly yours,

**THE LAW OFFICES OF
JOSEPH M. RASA, L.L.C.**

By: _____

**JOSEPH M. RASA**

JMR:lat
Enclosures

**AGREED AND ACCEPTED:**

By:   _____              _____

**RAMON REGO, M.D.**                          **Date**

Rego - 2642-001
November 6, 2007
Page 3 of 3

5.    **TERMINATION OF SERVICES**:  You will have the right to terminate our representation at any time.  We will have the right, and at our sole option, we may discontinue legal services if invoices are not paid timely.

We request that you acknowledge your acceptance of the terms of our firm's representation of you in this matter by signing the enclosed copy of this letter in the space provided, and returning the same to me in the enclosed, self-addressed envelope.  If you have any questions, please do not hesitate to contact me.

On a personal note, I am very pleased that you have selected our firm to represent you.  We look forward to serving you and we shall use our best efforts on your behalf.

Very truly yours,

**THE LAW OFFICES OF
JOSEPH M. RASA, L.L.C.**

By: _____
        **JOSEPH M. RASA**

JMR:lat
Enclosures

**AGREED AND ACCEPTED:**

By: _____
        **RAMON REGO, M.D.**

2·17·10
Date

# EXHIBIT

# "B"

# *The Law Offices of Joseph M. Rasa, L.L.C.*

565 Newark Pompton Turnpike
Pompton Plains, New Jersey 07444

Ph:(973) 831-8800          Fax:   (973) 831-8801

Ramon Rego                                                November 23, 2010
Elizabeth A. Rego
65 Woodland Road
Brookside, NJ 07962

|  |  |  |
|---|---|---|
| | File #: | 2642-001 |
| **Attention:** | Inv  #: | Statement |

**RE:**      Rego - Bankruptcy

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Oct-10-07 | Telephone call with Attorney Mike Doran   re: Issues regarding new client Dr. Ramon Rego | 0.40 | 90.00 | JMR |
| Oct-31-07 | Meeting with client Dr. Rego   re: Background of client's matter; further action to be taken in connection with client's matter | 2.40 | 540.00 | JMR |
| Nov-06-07 | Telephone call with Attorney Michael Doran re: Status of client's matter; further action to be taken in connection with client's matter | 0.30 | 67.50 | JMR |
| Sep-05-08 | Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 0.10 | 22.50 | JMR |
| Oct-03-08 | Meeting with client Ramon Rego   re: Background of client's matter; further action to be taken in connection with client's matter | 1.50 | 337.50 | JMR |
| Mar-03-09 | Telephone call with client Ray   re: Make appointment | 0.20 | 45.00 | JMR |
| Mar-30-09 | Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter; client | 0.40 | 90.00 | JMR |
| Jun-25-09 | *Review of file* | *0.40* | *90.00* | *JMR* |
| Jun-26-09 | *Meeting with client Dr. Rego   re: Status; further action to be taken in connection with* | *1.90* | *427.50* | *JMR* |

| | | | | |
|---|---|---|---|---|
| | *client's matter; whether client moving forward; compliance issues* | | | |
| Jul-17-09 | Review of documents re: Questionnaire | 0.20 | 45.00 | JMR |
| Aug-21-09 | Review of file re: Status of client's matter; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| *Nov-06-09* | *Telephone call with client Ray   re: Status of client's matter; client to decide if proceeding; further action to be taken in connection with client's matter* | *0.40* | *90.00* | *JMR* |
| *Dec-02-09* | *Letter to client re: Request to contact us to schedule meeting* | *0.20* | *45.00* | *JMR* |
| Dec-03-09 | Telephone call with client Dr. Rego   re: Dropping off information; call and make appointment | 0.10 | 22.50 | JMR |
| Dec-15-09 | Telephone call with client Ray   re: Schedule appointment | 0.10 | 22.50 | JMR |
| Dec-17-09 | Review of file; prepare for meeting; attendance at meeting with client; follow up to file | 2.90 | 652.50 | JMR |
| Dec-28-09 | Review of file | 0.20 | 45.00 | JMR |
| | Telephone call with client Ray re: Additional items needed | 0.10 | 22.50 | JMR |
| | Review of documents re: Identity info from wife | 0.30 | 67.50 | JMR |
| *Dec-29-09* | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| *Dec-30-09* | *Review of file re: Confirm sheriff sale date* | *0.10* | *22.50* | *JMR* |
| *Jan-04-10* | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
| | *Review of file ; prepare letter to sheriff adjourning sale* | *0.50* | *112.50* | *JMR* |
| | *Preparation of documents for transmittal to* | *0.20* | *45.00* | *JMR* |

|  |  |  |  |  |
|---|---|---|---|---|
| | *sheriff* | | | |
| | *Review letter from Attorney Fein Such   re: Reinstatement amount* | *0.10* | *22.50* | *JMR* |
| | *Telephone call with client Ray   re: Reinstatement of loan* | *0.20* | *45.00* | *JMR* |
| *Jan-05-10* | *Telephone call with other party Sheriff   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| | *Telephone call with client Ray   re: Status of client's matter; whether client is moving forward with filing; compliance issues; further action to be taken in connection with client's matter* | *0.30* | *67.50* | *JMR* |
| | *Letter to other party sheriff   re: Transmittal of letter requesting adjournment* | *0.20* | *45.00* | *JMR* |
| Jan-31-10 | Drafting of documents re: Petition and plan | 1.10 | 247.50 | JMR |
| *Feb-01-10* | *Letter to client re: Need to file to stop sheriff sale* | *0.20* | *45.00* | *JMR* |
| Feb-03-10 | Telephone calls with client Ray   re: Sheriff sale stayed | 0.40 | 90.00 | JMR |
| | Letter to client Ray re: Sheriff sale stayed | 0.20 | 45.00 | JMR |
| | Review and revise documents re: Petition and plan; order credit report; merge into petition; review creditors; file documents electronically with bankruptcy court | 5.60 | 1,260.00 | JMR |
| *Feb-04-10* | *Letter to other party Morris County Sheriff re: Notice of bankruptcy filing; sheriff sale should be stayed* | *0.30* | *67.50* | *JMR* |
| *Feb-05-10* | *Review of file re: Adjourned sheriff sale* | *0.10* | *22.50* | *JMR* |
| Feb-12-10 | Letter to client re: Meeting to sign completion documents | 0.20 | 45.00 | JMR |
| Feb-17-10 | Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| | Review and revise documents re: Petition and plan | 4.30 | 967.50 | JMR |

| Date | Description | Hours | Amount | Atty |
|------|-------------|-------|--------|------|
| | Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 1.30 | 292.50 | JMR |
| Feb-18-10 | Prepare for meeting with clients; meeting with clients; discuss further action to be taken in connection with client's matter | 0.80 | 180.00 | JMR |
| | Review of documents re: Meeting of creditors | 0.10 | 22.50 | JMR |
| Feb-24-10 | File documents online with bankruptcy court | 0.20 | 45.00 | JMR |
| | Review letter from other party Chase Home Finance   re: Mortgage issues | 0.20 | 45.00 | JMR |
| | Letter to client Rego   re: Letter from Chase and intentions | 0.20 | 45.00 | JMR |
| Mar-12-10 | Letter to client Ray   re: Meeting of creditors | 0.10 | 22.50 | JMR |
| | Telephone call with client Ray   re: Meeting of creditors | 0.10 | 22.50 | JMR |
| Mar-15-10 | Prepare for 341 meeting of creditors meeting | 0.80 | 180.00 | JMR |
| Mar-16-10 | Attendance at 341 meeting of creditors; Travel to/from Newark | 2.40 | 540.00 | JMR |
| | Review of file | 0.30 | 67.50 | JMR |
| Mar-23-10 | Letter to accountant Krikorian   re: Transmittal of notification of bankruptcy filing | 0.30 | 67.50 | JMR |
| Mar-25-10 | Review of documents re: Proofs of claim; objections to confirmation | 0.30 | 67.50 | JMR |
| | *Review of file ; review Leader's motion; begin response; letter to Attorney Morton re: Possible global resoution* | *0.70* | *157.50* | *JMR* |
| | *Letters to Attorney Morton   re: Adjournment; other issues* | *0.30* | *67.50* | *JMR* |
| *Mar-26-10* | *Telephone call with Attorney Griffith from John Morton's office   re: Resolution of motion and objection* | *0.20* | *45.00* | *JMR* |
| | *Letter to client   re: Resolution of motion and* | *0.20* | *45.00* | *JMR* |

|  |  |  |  |  |
|---|---|---|---|---|
|  | *objection; request for direction* |  |  |  |
|  | *Review of documents; Legal Research* | *0.40* | *90.00* | *JMR* |
|  | *Drafting of documents re: Response* | *0.60* | *135.00* | *JMR* |
|  | Review of documents re: POC | 0.20 | 45.00 | JMR |
| *Mar-30-10* | *Telephone call with Attorney Griffith from John Morton's office   re: Settlement of matter* | *0.30* | *67.50* | *JMR* |
| Mar-31-10 | Review of documents re: Proof of claims | 0.30 | 67.50 | JMR |
|  | *Telephone call with Attorney Luke   re: Adjourn motion* | *0.20* | *45.00* | *JMR* |
|  | *Letter to Attorney Luke   re: Motion adjournment* | *0.20* | *45.00* | *JMR* |
| Apr-08-10 | Telephone call with other party Trustee   re: Adjourn confirmation hearing | 0.20 | 45.00 | JMR |
|  | *Letter to Attorney Griffith   re: Resolution of motion* | *0.20* | *45.00* | *JMR* |
| *Apr-14-10* | *Telephone call with Attorney Griffith   re: Status of motion; consent to resolve* | *0.20* | *45.00* | *JMR* |
|  | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.30* | *67.50* | *JMR* |
|  | *Letter to client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
|  | *Review of documents re: Proposed order* | *0.20* | *45.00* | *JMR* |
|  | *Drafting of documents re: Opposition to motion; COS; letter to Judge Stern* | *2.80* | *630.00* | *JMR* |
| *Apr-15-10* | *Prepare for hearing re: Review case law* | *0.80* | *180.00* | *JMR* |
|  | *Attendance at hearing ; Travel to/from Newark, New Jersey* | *2.60* | *585.00* | *JMR* |
| *Apr-29-10* | *Review letter from Attorney Griffith re: Resolution of matter* | *0.10* | *22.50* | *JMR* |
|  | *Letter to Attorney Griffith   re: Resolution of* | *0.20* | *45.00* | *JMR* |

*matter*

| | | | | |
|---|---|---|---|---|
| *Apr-30-10* | *Telephone call with Attorney Morton re: Insurance lapsed* | *0.10* | *22.50* | *JMR* |
| | *Telephone call with client Ray   re: Insurance lapsed* | *0.10* | *22.50* | *JMR* |
| *May-01-10* | *Telephone call with client Ray   re: Insurance was reinstated* | *0.10* | *22.50* | *JMR* |
| *May-04-10* | *Review of documents re: Order resolving motion* | *0.10* | *22.50* | *JMR* |
| | *Telephone call with Attorney Griffith re: Order resolving motion; insurance issue* | *0.30* | *67.50* | *JMR* |
| | *Letter to client Ray   re: Request for insurance information* | *0.10* | *22.50* | *JMR* |
| *May-05-10* | *Telephone call with client Ray   re: Resolve motion; obtain insurance information* | *0.60* | *135.00* | *JMR* |
| | *Telephone call with client Ray   re: status of client's matter; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| *May-06-10* | *Attendance at hearing re: Motion hearing* | *1.60* | *360.00* | *JMR* |
| May-26-10 | Review of documents re: Proof of claim | 0.20 | 45.00 | JMR |
| May-27-10 | Review of documents re: Objection to plan | 1.00 | 225.00 | JMR |
| May-28-10 | Letter to Attorney Greenburg re: Confirm adjournment of confirmation hearing | 0.10 | 22.50 | JMR |
| Jun-01-10 | Telephone call with Attorney Griffith   re: Resolution of objection | 0.20 | 45.00 | JMR |
| *Jun-03-10* | *Review of documents re: Motion to vacate stay* | *0.20* | *45.00* | *JMR* |
| | *Letter to client Ray and Elizabeth   re: Request for meeting to discuss motion to vacate stay and other issues* | *0.20* | *45.00* | *JMR* |
| *Jun-24-10* | *Letter to client Ray and Elizabeth   re: Resolution of motion; other issues* | *0.10* | *22.50* | *JMR* |
| | *Review letter from Attorney Melissa Licker re: Resolution of matter* | *0.10* | *22.50* | *JMR* |

| | | | | |
|---|---|---|---|---|
| | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
| | *Letter to Attorney Licker re: Proposed resolution* | *0.20* | *45.00* | *JMR* |
| Jun-29-10 | Letter to client re: Meeting issues | 0.10 | 22.50 | JMR |
| | Review of documents re: Tax records; valuation; other issues | 0.80 | 180.00 | JMR |
| Jul-01-10 | Meeting with client Ray   re: Review objection | 1.40 | 315.00 | JMR |
| | Drafting of documents re: Submissions responsive to objection | 2.80 | 630.00 | JMR |
| Jul-02-10 | Letter to Attorney Petrolino   re: Transmittal of documents | 0.20 | 45.00 | JMR |
| Jul-06-10 | Review letter from client Elizabeth   re: Paystubs needed | 0.30 | 67.50 | JMR |
| Jul-07-10 | Telephone call with Attorney Petrolino   re: Discuss objections, etc. | 0.20 | 45.00 | JMR |
| | *Letter to client Ray   re: Possible dismissal of case due to non-compliance* | *0.20* | *45.00* | *JMR* |
| Jul-08-10 | Telephone call with Attorney Petrolino   re: Status of client's matter; further action to be taken in connection with client's matter | 0.10 | 22.50 | JMR |
| Jul-13-10 | Review of file re: Adjournment | 0.10 | 22.50 | JMR |
| *Jul-14-10* | *Letter to client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
| *Jul-19-10* | *Review of documents re: Order resolving motion* | *0.20* | *45.00* | *JMR* |
| | *Letter to Attorney Greenberg   re: Establish payment of counsel fees* | *0.20* | *45.00* | *JMR* |
| *Jul-26-10* | *Letter to client Ray and Elizabeth   re: Request that they contact me* | *0.40* | *90.00* | *JMR* |
| *Aug-03-10* | *Telephone call with United States Department* | *0.20* | *45.00* | *JMR* |

| | | | | |
|---|---|---|---|---|
| | *of Treasury, Internal Revenue Service re: Returns that were filed* | | | |
| | *Telephone call with client Elizabeth   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
| | *Telephone calls with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.70* | *157.50* | *JMR* |
| | *Letter to United States Department of Treasury, Internal Revenue Service re: Transmittal of returns* | *0.40* | *90.00* | *JMR* |
| *Aug-07-10* | *Review of documents re: Order resolving motion* | *0.10* | *22.50* | *JMR* |
| | *Letter to client re: Transmittal of order* | *0.20* | *45.00* | *JMR* |
| Aug-20-10 | Telephone call with client Elizabeth   re: Status of client's matter; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| | Letter to client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| Aug-24-10 | Review of documents re: All missing documents; latest tax returns; compile pay stubs | 0.60 | 135.00 | JMR |
| | Letter to client Ray   re: Problems with income tax returns; advise as to further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| Aug-25-10 | Review of file | 0.30 | 67.50 | JMR |
| | Letter to Attorney Petrolino   re: Transmittal of documents; further action to be taken in connection with client's matter | 0.30 | 67.50 | JMR |
| | Letter to client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 0.30 | 67.50 | JMR |
| Aug-26-10 | Review letter from Attorney Greenberg   re: Adjournment granted | 0.10 | 22.50 | JMR |
| | Letter to client   re: Send documents immediately | 0.10 | 22.50 | JMR |
| | Telephone call with client Ray   re: Status of | 0.40 | 90.00 | JMR |

|  | client's matter; further action to be taken in connection with client's matter |  |  |  |
|---|---|---|---|---|
| *Aug-30-10* | *Letter to client Ray  re: Request for tax returns* | *0.10* | *22.50* | *JMR* |
| *Sep-03-10* | *Review of documents re: 2009 tax return* | *0.20* | *45.00* | *JMR* |
|  | *Letter to client Ray and Elizabeth re: Withdrawing from case and reasons therefor; invoices, etc.* | *0.70* | *157.50* | *JMR* |
| *Sep-07-10* | *Review and revise letter to client s re: Withdrawing from case* | *0.20* | *45.00* | *JMR* |
| *Sep-08-10* | *Review of documents re: Order submitted to court* | *0.20* | *45.00* | *JMR* |
| *Sep-13-10* | *Telephone call with other party Noreen  re: Client's car impounded due to failure of leasing company to release registration* | *0.30* | *67.50* | *JMR* |
|  | *Review of documents re: Certificate of default* | *0.30* | *67.50* | *JMR* |
|  | *Telephone call with client Elizabeth  re: Status of client's matter; further action to be taken in connection with client's matter* | *0.20* | *45.00* | *JMR* |
| *Sep-15-10* | *Telephone call with Attorney John Morton re: Moving for vacation of stay on short notice* | *0.10* | *22.50* | *JMR* |
|  | *Review of documents re: Issues to address with clients* | *0.70* | *157.50* | *JMR* |
|  | *Meeting with client Ray and Elizabeth  re: Status of client's matter; further action to be taken in connection with client's matter* | *1.30* | *292.50* | *JMR* |
| Sep-17-10 | Letter to Attorney Petrolino  re: Transmittal of tax return and paystub to trustee | 0.20 | 45.00 | JMR |
|  | *Review of documents re: Motion to vacate filed by leaders; short notice application* | *0.30* | *67.50* | *JMR* |
|  | *Telephone call with Attorney Licker  re: Response to default application* | *0.10* | *22.50* | *JMR* |
| *Sep-20-10* | *Drafting of documents re: Opposition to motion to vacate* | *1.30* | *292.50* | *JMR* |
|  | *Review of documents re: Motion to vacate and shorten time order* | *0.40* | *90.00* | *JMR* |

|  |  |  |  |  |
|---|---|---|---|---|
|  | *Telephone call with client Ray   re: Issues in connection with automobile* | *0.20* | *45.00* | *JMR* |
| *Sep-21-10* | *Telephone call with Attorney Licker  re: Status of client's matter; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| *Sep-22-10* | *Drafting of documents re: Opposition to motion to vacate* | *1.80* | *405.00* | *JMR* |
|  | *File documents electronically with bankruptcy court* | *0.20* | *45.00* | *JMR* |
| *Sep-23-10* | *Drafting of documents re: Opposition to certificate of default* | *0.50* | *112.50* | *JMR* |
|  | *Attendance at hearing ; travel to/from Newark, New Jersey* | *3.70* | *832.50* | *JMR* |
| *Sep-25-10* | *Review and revise documents re: Opposition to certificate of default; file documents electronically with bankruptcy court* | *1.20* | *270.00* | *JMR* |
| *Sep-27-10* | *Review of file* | *0.40* | *90.00* | *JMR* |
| Sep-29-10 | Letter to Attorney Petrolino   re: Transmission of additional documentation; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
| Oct-05-10 | Telephone call with Attorney Petrolino   re: Issues in connection with confirmation | 1.60 | 360.00 | JMR |
| *Oct-06-10* | *Letter to client re: Mortgage default issues* | *0.10* | *22.50* | *JMR* |
|  | Review letter from Attorney Trustee   re: Status of client's matter; further action to be taken in connection with client's matter | 0.10 | 22.50 | JMR |
|  | *Telephone call with other party Noreen   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.40* | *90.00* | *JMR* |
|  | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.30* | *67.50* | *JMR* |
|  | *Review of file* | *0.20* | *45.00* | *JMR* |
| *Oct-07-10* | *Review of documents re: Order* | *0.10* | *22.50* | *JMR* |

|  |  |  |  |  |
|---|---|---|---|---|
|  | *Letter to client Ray   re: Not opposing entry of order because it is accurate* | *0.10* | *22.50* | *JMR* |
|  | *Letter to client Ray   re: Mortgage payment* | *0.10* | *22.50* | *JMR* |
|  | *Telephone call with client Ray   re: Mortgage payment* | *0.10* | *22.50* | *JMR* |
| *Oct-18-10* | *Drafting of documents re: Supplemental certification and COS* | *0.60* | *135.00* | *JMR* |
|  | *Letter to client Ray   re: Sign Certification* | *0.20* | *45.00* | *JMR* |
|  | *File documents electronically with bankruptcy court* | *0.20* | *45.00* | *JMR* |
| Oct-19-10 | Telephone call with Attorney Petrolino   re: Discuss objections | 0.10 | 22.50 | JMR |
|  | Letter to Attorney Petrolino   re: Discuss objections | 0.10 | 22.50 | JMR |
|  | *Letter to Attorney Melissa Licker re: Response to cert of default* | *0.20* | *45.00* | *JMR* |
|  | *Letter to client Ray   re: Status of completion of tax returns; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| Oct-20-10 | Review letter from Attorney Trustee   re: Adjourn hearing; further information needed | 0.20 | 45.00 | JMR |
|  | Letter to other party Trustee re: Transmittal of additional information; further information to be transmitted; request to discuss objection | 0.30 | 67.50 | JMR |
|  | *Telephone call with Attorney Melissa Licker re: Resolve certificate of default* | *0.50* | *112.50* | *JMR* |
|  | *Letter to Attorney Melissa   re: Resolve certificate of default* | *0.20* | *45.00* | *JMR* |
| Oct-27-10 | Letter to client Ray   re: Status of client's matter; further action to be taken in connection with client's matter | 0.20 | 45.00 | JMR |
|  | *Telephone call with Attorney Sweeney   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.30* | *67.50* | *JMR* |

| | | | | |
|---|---|---|---|---|
| | Review and revise letter to Attorney Wolfenson   re: Objection to claim | 0.10 | 22.50 | JMR |
| Nov-03-10 | Telephone call with other party Noreen re: Payment information | 0.10 | 22.50 | JMR |
| | Letter to client Ray   re: Broker price opinion, etc. | 0.10 | 22.50 | JMR |
| | Telephone call with client Ray   re: Signed broker price opinion | 0.10 | 22.50 | JMR |
| | Letter to client re: Need for signed BPO; amounts to pay mortgagee and trustee | 0.20 | 45.00 | JMR |
| *Nov-04-10* | *Review of documents re: Conformed order curing default; transmit to client* | *0.10* | *22.50* | *JMR* |
| *Nov-08-10* | *Telephone call with other party Noreen   re: Provide trustee and mortgage payment amounts* | *0.10* | *22.50* | *JMR* |
| | Review of documents re: BPO signed | 0.10 | 22.50 | JMR |
| | Letter to other party trustee   re: Status of client's matter; further action to be taken in connection with client's matter | 0.70 | 157.50 | JMR |
| Nov-09-10 | Review of file | 1.60 | 360.00 | JMR |
| Nov-10-10 | Telephone call with Attorney Wolfenson   re: Judgment against Rego | 0.40 | 90.00 | JMR |
| Nov-11-10 | Letter to Attorney Wolfenson   re: Request copy of judgment | 0.10 | 22.50 | JMR |
| | Review of documents re: Proof of claim | 0.20 | 45.00 | JMR |
| | *Legal Research   re: Possible conversion; implications; means test issues upon conversion to chapter 7* | *1.00* | *225.00* | *JMR* |
| | *Telephone call with client Ray   re: Status of client's matter; further action to be taken in connection with client's matter* | *0.50* | *112.50* | *JMR* |
| *Nov-15-10* | *Telephone call with Attorney Greenberg   re: Request additional adjournment due to conversion* | *0.40* | *90.00* | *JMR* |

| | | | | |
|---|---|---|---|---|
| *Nov-18-10* | *Review of documents  re: Order indicating conversion of case by December 13, 2010* | *0.20* | *45.00* | *JMR* |
| | *Letter to client Ray  re: Advise to contact us immediately to discuss case; further action to be taken in connection with client's matter* | *0.10* | *22.50* | *JMR* |
| | *Telephone call with client Ray  re: Issues with conversion of case to chapter 7; likely conversion to chapter 11; further action to be taken in connection with client's matter* | *0.30* | *67.50* | *JMR* |
| *Nov-22-10* | *Review of documents re: Order indicating that the conversion date is December 31, 2010* | *0.10* | *22.50* | *JMR* |
| | *Letter to court Robert Heim  re: To determine the correct date of conversion* | *0.10* | *22.50* | *JMR* |
| *Nov-23-10* | *Drafting of documents re: Fee application; fee application coversheet; form of order and COS* | *3.60* | *810.00* | *JMR* |
| | *Review of file; letter to client Ray  re: Status of client's matter; further action to be taken in connection with client's matter* | *0.50* | *112.50* | *JMR* |
| | Totals | 94.60 | $21,285.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| | Express Mail | 25.00 |
| | Parking | 9.00 |
| | Postage | 25.43 |
| Feb-01-10 | Electronic Filing Fee | 274.00 |
| | Credit Report Fee | 70.00 |
| Feb-17-10 | Electronic Filing Fee | 26.00 |
| | Totals | $429.43 |

| | |
|---|---|
| **Total Fee & Disbursements for all charges on this matter** | **$21,714.43** |

TAX ID Number        261110894

**PAYMENT DETAILS**

| | |
|---|---|
| Oct-16-08 | On Account of Fees & Disbursements 1,800.00 |
| Oct-28-08 | On Account of Fees & Disbursements – VoidNSF -1,800.00 |
| Oct-28-08 | On Account of Fees & Disbursements 1,800.00 |

| | |
|---|---:|
| **Total Payments** | **$1,800.00** |
| **TOTAL AMOUNT DUE AT THIS TIME** | **$19,914.43** |